# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:  22-cv-152

KYRAN BAKER, an individual,

       Plaintiff,

v.

CREDIT BUREAU OF CARBON COUNTY d/b/a COLLECTIONCENTER, INC., a Wyoming corporation;

       Defendant.

---

## COMPLAINT

---

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Kyran Baker, an individual consumer (the "**Plaintiff**"), against Credit Bureau of Carbon County d/b/a CollectionCenter, Inc., a Wyoming corporation (the "**Debt Collector**") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter, "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who resides in the State of Idaho.

5. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

6. The Debt Collector is a Wyoming corporation that collects debts from consumers in the State of Colorado.

7. The Debt Collector has a place of business at 5819 Lockheed Avenue, Loveland, Colorado 80538.

8. The Debt Collector maintains a registered agent of Nicole Aragon, at 5819 Lockheed Avenue, Loveland, Colorado 80538.

9. The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

10. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

11. The Debt Collector is engaged in a business, the principal purpose of which is the collection of debts.

12. The Debt Collector is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

13. In the one year preceding the filing this complaint, the Debt Collector was attempting to collect a debt (the "**Debt**") that Plaintiff allegedly owed to UCHealth.

14. The Debt is an obligation that was allegedly incurred primarily for personal, family, or household purposes.  To wit, the Debt is a medical bill.

15. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

16. Plaintiff did not and does not owe the Debt.

17. Plaintiff did not and does not owe the Debt, or any amount of the Debt, because the Debt should have been paid by her medical insurance carrier but for UCHealth's mistake in erroneously coding her treatment as related to a worker's comp claim that never existed.

18. After the Debt Collector sued Plaintiff and obtained a judgment against her, UCHealth corrected its mistake, billed Plaintiff's health insurance, received payment on the Debt, and administratively adjusted the remaining balance of the Debt to zero in accordance with UCHealth's agreement with Plaintiff's insurance carrier.

19. Even after Plaintiff's liability for the Debt was reduced to zero, and the Debt Collector vacated the judgment against Plaintiff, the Debt Collector continued to claim that Plaintiff was liable on the Debt.

20. After Plaintiff's liability for the Debt was reduced to zero, the Debt Collector represented to Plaintiff that she owed $811.62 for the Debt.

21. The Debt Collector knew or should have known that Plaintiff did not owe $811.62.

22. After Plaintiff's liability for the Debt was reduced to zero, the Debt Collector reported to one or more consumer reporting agencies that Plaintiff owed $811.00 for the Debt.

23. When the Debt Collector reported to one or more consumer reporting agencies that Plaintiff owed $811.00 for the Debt, that information was false.

24. When the Debt Collector reported to one or more consumer reporting agencies that Plaintiff owed $811.00 for the Debt, the Debt Collector knew or should have known that information was false.

25. As a result of the Debt Collector's incorrect credit reporting, Plaintiff was unable to obtain credit on terms consistent with her true credit worthiness and she paid more in interest and other costs on a mortgage.

26. As a result of the Debt Collector's false representations, Plaintiff experienced severe emotional distress through fear, frustration, anger, and helplessness.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

27. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

28. At all times material hereto, Plaintiff was a "consumer", as that term is defined under 15 U.S.C. § 1692a(3).

29. At all times material hereto, the Debt the Debt Collector was attempting to collect was a "debt", as that term is defined under 15 U.S.C. § 1692a(5).

30. At all times material hereto, the Debt Collector was a "debt collector", as that term is defined under 15 U.S.C. § 1692a(6).

31. The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. These prohibitions include, but are not limited to, making a "false representation of . . . the character, amount or legal status of any debt"; "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed"; and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." 15 U.S.C. § 1692e(2)(A), (8), and (10),

32. The Debt Collector has violated 15 U.S.C. § 1692e, including 1692e, 1692e(2)(A), 1692e(8), and 1692e(10).

33. The foregoing acts of the Debt Collector constitute violations of the FDCPA.

34. Plaintiff is entitled to actual and statutory damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kyran Baker prays for relief and judgment against Credit Bureau of Carbon County d/b/a CollectionCenter, Inc. as follows:

1. Awarding Plaintiff statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k;

2. Awarding Plaintiff actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k;

3. Awarding Plaintiff her reasonable attorney fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k;

4. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

5. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 19, 2022

        Respectfully submitted,

        /s/ Daniel J. Vedra
        Daniel J. Vedra
        Vedra Law LLC
        1444 Blake Street
        Denver, CO 80202
        Phone: (303) 937-6540
        Fax: (303) 937-6547
        Email: dan@vedralaw.com